# Exhibit A

R. Matthew Feller (12345)
Kevin B. Coombs (15579)
FELLER & WENDT, LLC
1834 East 3100 North
Layton, Utah 84040
Telephone:  (801) 499-5060
Facsimile:    (801) 499-5064
*mattfeller@fellerwendt.com*
*kcoombs@fellerwendt.com*

Attorneys for Plaintiff

_____

IN THE FIFTH JUDICIAL DISTRICT COURT

IN AND FOR WASHINGTON COUNTY, STATE OF UTAH

| NICHOLAS FLEISCHER,<br><br>                          Plaintiff,<br>    vs.<br><br>RED ROCK CANYON SCHOOL, LLC; RED ROCK CANYON SCHOOL NON-PROFIT ORGANIZATION; SEQUEL YOUTH SERVICES OF RED ROCK CANYON, LLC; CENTER FOR ADOLESCENT RECOVERY AND EDUCATION, INC.; CENTER FOR ADOLESCENT RECOVERY AND EDUCATION NON-PROFIT ORGANIZATION; DIARRA FIELDS and DOES 1-10.<br><br>                          Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br><br><br><br><br><br>Case No.    180500039<br><br>Judge:        Jeffrey C. Wilcox<br><br>Tier: 3 |

Plaintiff Nicholas Fleischer complains against the above named Defendants and allege as follows:

## **PARTIES**

1.     Plaintiff Nicholas Fleischer (hereinafter "Plaintiff") is a resident of Sacramento County, California.

2.     Upon information and belief, Defendant Red Rock Canyon School, LLC ("RRCS") was and continues to be a limited liability company with its principle place of business in Washington County, State of Utah.

3.     Upon information and belief, Red Rock Canyon School Non-Profit Organization ("RRCSNP") is a Utah Corporation conducting business in Washington County, State of Utah.

4.     Upon information and belief Sequel Youth Services of Red Rock Canyon, LLC, ("Sequel") is a limited liability corporation conducting business in Washington County, State of Utah.

5.     Upon information and belief Center for Adolescent Recovery and Education, Inc., ("CARE") is a Utah Corporation conducting business in Washington County, State of Utah.

6.     Upon information and belief Center for Adolescent Recovery and Education, Non-Profit Organization ("CARENP") was, at the time of the events complained of, a Utah Corporation conducting business in Washington County, State of Utah.

7.     Upon information and belief, Defendant Diarra Fields (hereinafter "Fields") was and continues to be a resident of Washington County, State of Utah.

8.     The names and capacities, and or legal responsibility for the damages in this Complaint, whether individual, corporate, associate, or otherwise, of Defendants named

herein as DOES 1 through 10, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will amend this *Complaint* to allege the true names, capacities and liabilities of DOES 1 through 10 when ascertained.

9. Plaintiff is informed and believes that each of the named Defendants and DOES 1 through 10, are legally responsible for the occurrences described in this pleading and Plaintiff's damages were proximately caused by those Defendants and DOES 1 through 10.

## JURISDICTION AND VENUE

10. This action is of a civil nature and jurisdiction is conferred pursuant to Utah Code Ann. §78A-5-102.

11. The injuries giving rise to this Complaint occurred in St. George, Washington County, State of Utah, and thus venue is appropriate in the above-captioned court pursuant to Utah Code Ann. §78B-3-307.

## TIER ELECTION

12. Pursuant to Rule 26(c) of the Utah rules of Civil Procedure, this case qualifies for a Tier 3 designation.

## STATEMENT OF FACTS

1. Plaintiff incorporates by reference re-alleges all preceding paragraphs as if fully set forth herein.

2. This action arises as a consequence of sexual abuse of a minor child that occurred on the premises of RRCS located at 747 East St. George Boulevard, St. George, Utah 84770, at various times in the summer of 2012.

3.      Upon information and belief, Sequel is the parent company of CARE and CARENP whose business purposes include managing youth residential treatment centers.

4.      RRCS is a youth residential treatment center.

5.      Upon information and belief, RRCS is one of the youth residential treatment centers managed and supervised by Sequel, CARE and/or CARENP.

6.      Defendant Fields was an employee of RRCS and was working within the course and scope of his employment with RRCS at all material times herein mentioned.

7.      Fields was authorized to work for RRCS, was subject to RRCS' control and was RRCS' agent.

8.      Fields, age 27 in the summer of 2012, was an adult.

9.      Plaintiff was a minor child and 16 years-old at the time he enrolled at RRCS in May 2012.

10.     During the summer of 2012, Fields sexually abused Plaintiff multiple times.

11.     Each incident of sexual abuse occurred on the premises of RRCS.

12.     Each incident of sexual abuse occurred while Fields was either alone with Plaintiff or when others in the room with Plaintiff were asleep.

13.     Upon information and belief, it was against RRCS policy for staff members to be alone with students.

14.     RRCS, its agents and/or employees, were aware that Fields was spending time alone with students, including Plaintiff.

15. Upon information and belief, Fields sexually abused at least two other RRCS students while in the employ of RRCS.

16. Upon information and belief, Defendants failed to properly supervise its employees, including Fields.

17. Upon information and belief, Defendants failed to properly supervise its students, including Plaintiff.

18. Upon information and belief, Defendants failed to properly train Fields.

19. Upon information and belief, Defendants hired Fields when it knew or should have known that Fields posed a danger to its students.

20. Although sexually abused in 2012, Plaintiff did not learn of Defendants' potential negligence with respect to the hiring, training and supervision of Fields until 2016.

21. On November 21, 2017, Plaintiff was issued an Amended Certificate of Compliance from the Division of Occupational & Professional Licensing, Department of Commerce certifying that all requirements set forth in § 78B-3-418 and § 78B-3-423, of the Utah Code had been satisfied regarding prelitigation review of the above captioned matter.

## FIRST CAUSE OF ACTION
(Negligence – All Defendants Except Fields)

22. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

23. Defendants owed a heightened duty of care to Plaintiff because Plaintiff's parent(s) entrusted Defendants to keep Plaintiff safe.

24. Based on the Defendants' representation that it would act in loco parentis, Plaintiff's parent(s) entrusted Plaintiff to Defendants.

25. Defendants owed a heightened duty of care to Plaintiff and the other children because Plaintiff and the other children were at a heightened risk for sexual victimization.

26. Defendants were negligent and reckless in the following respects:

    a. They failed to properly supervise the children in its school;

    b. They knew or should have known that Fields posed a substantial risk of harm to Plaintiff and failed to protect Plaintiff from Fields;

    c. They negligently supervised its employees, including Fields;

    d. They negligently trained its employees, including Fields, in the supervision of at-risk youth;

    e. They negligently hired employees, including Fields, that were not fit for working in the presence of children;

    f. They negligently reported the abuse to proper authorities and agencies;

    g. They negligently failed to keep the children safe and protect them from re-victimization after they reported the abuse;

    h. They negligently failed to tell parents the harm that was occurring to their children;

    i. Other such acts of negligence not currently discovered.

27. As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
(Respondeat Superior – Defendant RRCS)

28. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

29. At the time of this incident, Fields was an employee/agent of RRCS and was acting in the course and scope of his employment/agency.

30. Fields, while acting in the course and scope of his employment for and on behalf of RRCS, breached his duty and failed to exercise a heightened duty of care in the following respects:

   a. He engaged in sexual conduct with Plaintiff, a minor, on multiple occasions;

   b. He engaged in sexual conduct with at least two other students on RRCS' premises,

   c. He instructed Plaintiff not to tell anyone about the sexual conduct; and

   d. Other such acts or omissions not yet discovered.

31. Because Fields was acting in the course and scope of his employment with RRCS at the time of this incident, RRCS is vicariously liable for Fields' negligence, recklessness, willful misconduct, and intentional acts.

32. RRCS owed a heightened duty of care to Plaintiff.

33. RRCS breached its duty of care.

34. As a direct and proximate result of the vicarious liability of RRCS, Plaintiff was injured physically, emotionally, and financially in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
(Negligent Hiring – All Defendants Except Fields)

35. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

36. Having undertaken to care for Plaintiff during his residence, Defendants had a heightened duty to protect Plaintiff from harm.

37. Defendants had a heightened duty to hire qualified staff.

38. Defendants had a heightened duty to hire a sufficient number of staff to keep students safe.

39. Defendants had a duty to protect its students, including Plaintiff, from unfit staff members, including Fields.

40. Upon information and belief, Defendants has a pattern and practice of choosing to hire unqualified staff.

41. Upon information and belief, Defendants has a pattern and practice of choosing to hire an insufficient number of staff.

42. Upon information and belief, Defendants' primary consideration when making hiring decisions was how it could make a profit –not, the safety of the children.

43. Defendants failed to keep the children safe when it chose to hire unqualified and dangerous employees, including Fields.

44. Defendants failed to keep the children safe when it chose to hire an insufficient number of staff.

45.     Defendants knew or should have known that hiring unqualified employees and/or hiring an insufficient number of employees, posed an unnecessary and reckless risk of harm to the students, including Plaintiff.

46.     As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**
(Negligent Supervision and/or Training –All Defendants Except Fields)

47.     Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

48.     Defendants had a duty to train staff on safety policies and procedures.

49.     Defendants had a duty to train staff on abuse recognition and reporting.

50.     Defendants had a duty to train staff on how a victim of abuse should be treated after the victim has reported being abused.

51.     Upon information and belief, Defendants have a pattern and practice of failing to supervise staff and students.

52.     Upon information and belief, Defendants have a pattern and practice of failing to keep students safe.

53.     Defendants had a duty to supervise staff and students to ensure that safety policies and procedures were being followed.

54.     Defendants had a duty to supervise staff and students so the whereabouts of staff and students were accounted for at all times.

55.     Defendants had a duty to investigate suspicious behavior of staff and students.

56. Defendants had a duty to properly supervise and oversee its staff members, including Fields', interactions with students.

57. Defendants knew or should have known that Fields needed appropriate supervision to ensure that he was not spending time alone with Plaintiff and other students or engaging in harmful conduct.

58. Defendants knew or should have known that Fields needed appropriate training on proper interactions with students, including Plaintiff.

59. Defendants chose to violate the aforementioned duties they owed to the children, including Plaintiff.

60. As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial

## FIFTH CAUSE OF ACTION
(Gross Negligence – All Defendants Except Fields)

61. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

62. Defendants failed to observe even slight care.

63. Defendants' acts and omissions were careless and reckless to a degree that showed utter indifference to the consequences of such acts and omissions.

64. As a direct and proximate result of the negligence alleged herein, children, including Plaintiff, were injured physically, emotionally, and financially in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION
(Sexual Abuse of a Minor – Defendant Fields)

65. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

66. Fields intended to engage in sexual conduct with Plaintiff, a minor.

67. Fields did engage in sexual conduct with Plaintiff, a minor.

68. Plaintiff was legally incapable of consenting to the sexual conduct.

69. Fields owed a duty of care to Plaintiff.

70. Fields violated that duty of care in the manner previously mentioned.

71. Plaintiff alleges that as a direct and proximate result of Fields' intentional sexual conduct, Plaintiff sustained injuries.

## SEVENTH CAUSE OF ACTION
(Negligence – Defendant Fields)

72. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

73. Fields owed a heightened duty of care to Plaintiff because Fields was in the presence of children at all times referenced herein.

74. Fields was negligent, reckless and engaged in willful misconduct in the following ways:

    a. He engaged in sexual conduct with Plaintiff, a minor;

    b. The alleged sexual conduct posed a substantial risk of harm to Plaintiff; and

    c. Other such acts of negligence not currently discovered.

75. Fields' intentional actions constituted negligence in the form of reckless misconduct and reckless disregard for the safety of Plaintiff.

76. Fields owed a heightened duty of care to Plaintiff.

77. Fields breached that duty of care in the manner previously mentioned.

78. As a direct and proximate result of Fields' negligence, Plaintiff was injured physically, emotionally, and financially in an amount to be proven at trial.

## DAMAGES

79. Plaintiff incorporates by reference and re-alleges all preceding paragraphs as if fully set forth herein.

80. As a direct and proximate result of Defendants' wrongful acts omissions as alleged herein, Plaintiff suffered injuries which required Plaintiff to incur past and future special damages including lost wages, impairment to earning capacity, and past and future medical expenses in an amount to be proven at trial.

81. As a direct and proximate result of Defendants' wrongful acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, general damages such as emotional distress, isolation and despair.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

    A. For general damages, including pain and suffering, in an amount to be proven at trial;

B.  For past and future special damages including, but not limited to lost wages, impairment to earning capacity, and past and future medical expenses in an amount to be proven at trial;

C.  For punitive damages in an amount that acts as a punishment to the Defendants for their wrongs and as a warning to others not to offend in like manner

D.  For costs of suit herein; and

E.  For such further relief as the court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Utah Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of any issue triable by jury. The statutory fee was paid with the filing of the Plaintiff's Complaint.

DATED this 18th day of January, 2018.

> FELLER & WENDT
>
> */s/ Matthew Feller*
> Matthew Feller
> Kevin Coombs
> Attorneys for Plaintiff